## Long v. Ostroff

*Timothy M. Kolman,* for plaintiff.
*Richard Geschke,* for defendant.

MAZER MOSS, *J.,* August 14, 2003—

## FACTS AND PROCEDURAL HISTORY

Plaintiff Walter Long brought suit for professional negligence against defendant Jonathan Ostroff D.O., his family physician, based upon defendant's adulterous relationship with plaintiff's wife. While serving as plaintiff's physician for six years (1992-1998), defendant began a sexual affair with Roseanne Long in September 1998. Plaintiff alleges defendant was negligent because during an office visit on October 27, 1998, where he was examined for chest pain, back pain, and anxiety, defendant Long did not disclose his sexual relationship with said wife. We note Mrs. Long had previously expressed her intent to divorce plaintiff. In fact, five days prior to said office visit, Walter and Roseanne Long separated for the final time. They divorced five months later.

Plaintiff filed this medical malpractice suit against defendant on August 9, 2000. Defendant filed a motion to dismiss on May 9, 2003. After oral argument on June 20, 2003, we granted the motion. Plaintiff now appeals, focusing on the novel claim that a physician has a duty to refrain from sexual relationships with patients' spouses. We find no such duty exists.

## DISCUSSION

*A Sexual Relationship Between a Physician and Patient Does Not Constitute Medical Malpractice*

The majority of jurisdictions have concluded only psychiatrists' sexual relationships with patients are sufficient to constitute medical malpractice. This conclusion is

predicated upon the special relationship and fiduciary duty arising between patient and psychiatrist. However, even case law on this specific issue is split.

The special relationship between patient and psychiatrist is based upon "transference," used by psychiatrists to treat patients. Transference is described as: "a patient's emotional reaction to a therapist; generally applied to the projection of feelings, thoughts and wishes onto the analyst, who has come to represent some person from the patient's past. . . . Transference is crucial to the therapeutic process because the patient unconsciously attributes to the psychiatrist or analyst those feelings which he may have repressed towards his own parents." *Simmons v. United States,* 805 F.2d 1363, 1365 (9th Cir. 1986). Lacking a therapist-patient relationship with either Walter or Roseanne Long, defendant's sexual conduct with plaintiff's estranged wife did not constitute malpractice under Pennsylvania law.

*Plaintiff's Expert Is Not Qualified To Testify
Under the MCare Act*

To recover under a professional negligence theory, plaintiff must prove defendant owed a duty of care and breach of said duty resulted in cognizable injury. *Brown v. Philadelphia College of Osteopathic Medicine,* 760 A.2d 863, 868 (Pa. Super. 2000). To prove defendant owed plaintiff a duty, he offered as an expert, David Behar M.D., a certified psychiatrist.

Pursuant to the unambiguous language of the Medical Care Availability and Reduction of Error (MCare) Act, plaintiff's expert is not qualified to opine in this medical

liability action since he does not possess "sufficient education, training, knowledge, [or] experience to provide credible [and] competent testimony." 40 P.S. §1303.512 (a). In pertinent part, the MCare Act states that an expert testifying as to standard of care must:

"(2) Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue . . .

"(3) In the event the defendant physician is certified by an approved board, be board certified by the same or a similar approved board . . . ." 40 P.S. §1303.512(c).

The only existing general exception is one which permits a court to waive expert requirements if it determines said expert possesses otherwise adequate training, experience, and knowledge on standard of care from active involvement in defendant's subspecialty. 40 P.S. §1303.512(e).

Dr. Behar is a board-certified psychiatrist. He does not practice in defendant's subspecialty, nor does he practice in a substantially similar subspecialty. Furthermore, Dr. Behar is certified by neither the same nor a similar approved board. Accordingly, Dr. Behar lacks the requisite qualifications to render an expert opinion on defendant's applicable standard of care. Additionally, Dr. Behar does not possess sufficient training, experience, or knowledge of defendant's subspecialty which might prompt us to waive statutory requirements. Therefore, plaintiff's action must fail.

## *Plaintiff Did Not Adequately Plead a Claim Which Would Entitle Him to Relief*

Plaintiff has failed to state a valid cause of action. At its core, plaintiff's allegations seem to stem from a claim of intentional infliction of emotional distress, rather than negligence. However, his complaint fails to raise a claim for same. Rather, plaintiff made only vague assertions of mental damage suffered from defendant's actions. Accordingly, plaintiff's general and inadequate mental claims were stricken by the Honorable Nitza Quiñones Alejandro on November 3, 2000. Plaintiff subsequently filed a motion to amend complaint to include intentional infliction of emotional distress on May 13, 2002, but same was denied on June 19, 2002, by the Honorable Arthur Kafrissen. Where plaintiff's only valid cause of action might have been intentional infliction of emotional distress he should not be allowed to recover under the guise of negligence.

## CONCLUSION

Plaintiff's negligence claim lacks firm precedential support. There is no authority which supports liability for a physician involved personally with a patient's estranged spouse. Further, plaintiff is unable to prove said claim since his only expert lacks the requisite statutory qualifications to render an informed opinion. Lastly, where plaintiff has failed to raise appropriate claims adequately, his negligence claim should not go forward. Based on the foregoing, this court's decision, granting defendant's motion to dismiss, should be affirmed.